IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MITSUI SUMITOMO INSURANCE | § | |
| COMPANY OF AMERICA | § | |
| | § | |
| *vs*. | § | C. A. NO. H – 14 – 1948 |
| | § | ADMIRALTY |
| GRIEG STAR SHIPPING A/S | § | |

*ORIGINAL  COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Mitsui Sumitomo Insurance Company of America files this Original Complaint against Defendant Grieg Star Shipping A/S and respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to a maritime cargo of E.R.W. Steel Pipe (the "cargo") and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Plaintiff is a New York corporation with its principal place of business in Warren, New Jersey. At all times material, Plaintiff insured Toyota Tsusho America, Inc. ("Toyota") and/or the cargo. Plaintiff paid Toyota for loss to the cargo under an insurance policy and is contractually and/or equitably subrogated to Toyota's interest in

the cargo.  Plaintiff brings this action for itself and, as necessary, for every person or entity that is or may become interested in the cargo.

3. At all times material, Defendant owned, chartered, operated and/or managed the M/V STAR HANSA as a common carrier of goods by water for hire between various ports, including the Ports of Pohang, South Korea, Corpus Christi and Houston.  Defendant is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Defendant is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Defendant may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Defendant has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Defendant is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Defendant with a summons is effective to establish personal jurisdiction over it.  Defendant can be served by serving the Texas

Secretary of State. Process or notice can be sent to Defendant at its home office located at Grieg–Gaarden, C. Sundtsgate 17/19, P. O. Box 1088 Sentrum, N–5809 Bergen, Norway.

4. In July 2013, Toyota's shipper tendered in good order and condition to Defendant at Pohang the cargo. Defendant agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Corpus Christi the cargo in the same good order and condition as when received, in consideration of paid freight charges. Defendant acknowledged receipt of the cargo aboard the M/V STAR HANSA in good order and condition and, accordingly therewith, issued Bill of Lading No. GSSW13SEO0038A free of exceptions or other notations for loss or damage.

5. Thereafter, the M/V STAR HANSA arrived at Corpus Christi where Defendant later discharged the cargo, not in the same good order and condition as when received but, on the contrary, parts of the cargo were dented, bent, nicked, gouged, smashed, crushed, out of round, compressed, contaminated and otherwise physically damaged. The damages and loss proximately resulted from Defendant's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V STAR HANSA.

6. Plaintiff proximately has sustained damages exceeding $19,555.94 plus interest dating from July 9, 2013, the reported date of loading at Pohang, demand for

which has been made upon Defendant but which it refuses to pay.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Mitsui Sumitomo Insurance Company of America prays that this Honorable Court adjudge that Defendant Grieg Star Shipping A/S is liable to Plaintiff for its damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

        Respectfully submitted,

        *SHARPE & OLIVER, L.L.P.*

        By _/s/ Robert C. Oliver_

        Robert C. Oliver
        State Bar No. 15255700
        S. D. Texas No. 886
        550 Westcott, Suite 230
        Houston, Texas 77007-5096
        Telephone:  (713) 864–2221
        Facsimile:  (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

        ATTORNEYS FOR PLAINTIFF